IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EBONE GRIER,

            Plaintiff,

     vs.

REALTY WORKS,

            Defendant.

4:22CV3164

**MEMORANDUM AND ORDER**

Plaintiff Ebone Grier filed a Complaint on August 11, 2022. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. MOTION TO AMEND COMPLAINT**

As an initial matter, the Court addresses Plaintiff's Motion to Amend Complaint, Filing No. 6, filed on August 25, 2022. Plaintiff indicates in her motion that the attached proposed Amended Complaint, Filing No. 6-1, contains pages that were missing from the original Complaint but is substantively the same. Filing No. 6. Upon consideration, the Court will grant Plaintiff's Motion to Amend and will consider the proposed, unsigned Amended Complaint, Filing No. 6-1, as supplemental to the Complaint, Filing No. 1. *See* NECivR 15.1(b) (Court may consider pro se litigants' amended pleading as supplemental to, rather than as superseding, the original pleading).

**II. SUMMARY OF COMPLAINT**

Plaintiff alleges she is a citizen of Nebraska and provides a Florida mailing address. Filing No. 1 at 1, 3. Plaintiff brings suit against Realty Works, a property

management company with its principal place of business in Lincoln, Nebraska. Id. at 2, 3.

Plaintiff alleges that she entered into a rental agreement with Realty Works on June 22, 2021, and that Plaintiff has been subjected to uninhabitable and hazardous living conditions since the beginning of her lease on July 4, 2021. Filing No. 6-1 at 5–6. These conditions include "Mold infestation issues in the Central Air Condition Unit, AC Ducts, Vents and Walls," "Water Intrusion issues of leaking in the walls," "leaking near a[n] Electrical Supply Panel," and "an OCPD that [is] located in the Restroom which violates NEC Code 240.24(E)." Filing No. 1 at 4; Filing No. 6-1 at 5. Plaintiff reported these issues on multiple occasions to Realty Works, but she alleges Realty Works continually failed to remedy the problems. Filing No. 1 at 4. Plaintiff alleges Realty Works issued her a "Retaliatory Eviction" on July 6, 2022, after she asked the owner of Sky Heating and Air, Zach Arena, to relay the message of Plaintiff's air quality issues to Realty Works. Id.

As relief, Plaintiff requests "$30,000 for all interruption and inconvenience of all cost . . . [and] to recover losses and damages incurred on her family" as well as $8,808 for rent payments and deposits made since July 4, 2021. Filing No. 6-1 at 6.

### III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### IV. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). In her Complaint, Plaintiff alleges a breach of the rental agreement and violations of Nebraska landlord-tenant laws based on Realty Works' failure to maintain the subject property in a safe and habitable condition, as well as a retaliatory eviction claim. Filing

3

No. 1 at 4. Plaintiff used the Form Pro Se 4 Complaint for a Civil Case Alleging Breach of Contract which lists the basis for the Court's jurisdiction as "28 U.S.C. § 1332; Diversity of Citizenship." Filing No. 1 at 1, 3. However, as discussed below, the Complaint fails to establish that the Court may properly exercise subject matter jurisdiction over Plaintiff's claims.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction of the federal district courts over civil actions is generally set forth in 28 U.S.C. §§ 1331 and 1332.

Subject-matter jurisdiction under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, is proper when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. *McLain v. Andersen Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Here, the allegations of Plaintiff's Complaint do not establish the requisite "federal question" for the Court to exercise jurisdiction under § 1331.

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

4

Though Plaintiff used a form complaint premised on diversity of citizenship jurisdiction, Plaintiff's allegations fail to establish complete diversity of citizenship between the parties. Plaintiff alleged she is a citizen of Nebraska and that Realty Works' principal place of business is also in Nebraska. Filing No. 1 at 3. Moreover, the Complaint fails to state Realty Works' place of incorporation as required to establish diversity jurisdiction. *See* Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987) (complaint failed to establish diversity jurisdiction where it stated Plaintiff's residency, but not his citizenship, and failed to state the principle places of business of corporate defendants). The Complaint also does not allege an amount in controversy over the requisite $75,000 amount. *See* Filing No. 6-1 at 6. As a result, the Complaint's allegations fail to establish that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

On the Court's own motion, Plaintiff will be given 30 days to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendant Realty Works will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend Complaint, Filing No. 6, is granted. The Clerk of the Court is directed to update the docket text for Filing No. 6 to indicate that Filing No. 6-1, the proposed Amended Complaint, is supplemental to Filing No. 1.

2. Plaintiff shall have until **March 2, 2023**, to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3. The Clerk of the Court is directed to set the following pro se case management deadline: **March 2, 2023**: check for amended complaint.

Dated this 31st day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge