IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EBONE GRIER, <br><br> Plaintiff, <br><br> vs. <br><br> REALTY WORKS, <br><br> Defendant. | 4:22CV3164 <br><br> **MEMORANDUM AND ORDER** |

On January 31, 2023, the Court conducted an initial review of Plaintiff's Complaint, Filing No. 1; Filing No. 6-1, and concluded that the Complaint's allegations failed to establish the Court's subject-matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332. Filing No. 7. On its own motion, the Court gave Plaintiff 30 days "to file an amended complaint that clearly sets forth a basis for the Court's jurisdiction." *Id.* at 5. On March 3, 2023, Plaintiff filed a Motion to Amend Complaint with an attached Amended Complaint, Filing No. 8, and subsequently filed the same Amended Complaint as a separate pleading on March 6, 2023, Filing No. 9. As Plaintiff's Motion to Amend Complaint was timely,[1] the Court will grant the motion and consider the Amended Complaint, Filing No. 9, as the operative pleading. The Court now reviews Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF AMENDED COMPLAINT**

As in her original Complaint, Plaintiff alleges she is a citizen of Nebraska and provides a Florida mailing address. Filing No. 9 at 1–2 . Plaintiff sues Realty Works, a

---

[1] *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire under Rule 6(a).").

property management company incorporated under the laws of the State of Nebraska and located in Lincoln, Nebraska. *Id.* at 2–3. Plaintiff again utilizes the Form Pro Se 4 Complaint for a Civil Case Alleging Breach of Contract which lists the basis for the Court's jurisdiction as "28 U.S.C. § 1332; Diversity of Citizenship." *Id.* at 1–2.

Plaintiff's factual allegations mirror those in her original Complaint as she alleges that she entered into a written agreement with Realty Works on June 22, 2021, which Realty Works breached by failing to maintain its premises in violation of Nebraska law. *Id.* at 4, 6. Specifically, Plaintiff alleges she has been subjected to uninhabitable and hazardous living conditions while living in Realty Works' property, including "Mold Infestation Issues . . . in the 45 year old Air Handler inside the apartment, Ducts, Walls in Air Handler closet and Vents all throughout the Apartment," "Water Intrusion issues," and an "OCPD Electrical Supply Panel in Restroom . . . to where the leaking is located near." *Id.* at 6. Plaintiff alleges she and her infant child suffered "Allergens, Chronic Fatigue, [and] Breathing issues" and "have been to Medical Facilities for treatment and was advised to get these Mold Issues resolved immediately." *Id.* Plaintiff reported these issues on multiple occasions to Realty Works, but she alleges Realty Works continually failed to remedy the problems and refused to replace the AC Unit due to the cost. *Id.* Plaintiff alleges Realty Works issued her a "Retaliatory Eviction" on July 6, 2022, after she asked the owner of Sky Heating and Air, Zach Arena, to relay the message about Plaintiff's "AC Replacement" to Realty Works. *Id.*

Plaintiff's request for relief is for a much greater amount of damages—$201,305—than was sought in her original Complaint and specifically identifies the amounts sought for each type of loss or injury alleged. *Id.* at 4, 7.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Jurisdiction

As the Court explained in its previous order on initial review, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds

for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject-matter jurisdiction may be proper under 28 U.S.C. § 1331 where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Subject-matter jurisdiction may also be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, when "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted).

Here, the allegations of Plaintiff's Amended Complaint do not suggest the existence of a federal question, but a liberal construction of the Amended Complaint states a plausible basis for the Court's exercise of its jurisdiction based on the parties' diversity of citizenship. Liberally construed, Plaintiff alleges she is a citizen of both Nebraska and Florida. By all indications, Plaintiff has been living in Florida since at least August of 2022 when she filed her Complaint, *see* Filing No. 1 at 1, and that likely makes her a citizen of Florida. Realty Works is alleged to be incorporated under the laws of the State of Nebraska with its principal place of business in Nebraska. Filing No. 9 at 2; see also Filing No. 1 at 3. Plaintiff also alleges an amount in controversy well over the $75,000 threshold. Thus, the Court concludes the allegations of the Amended Complaint set forth a basis for this Court's subject matter jurisdiction.

**B. Claims Alleged**

Liberally construed, Plaintiff's Amended Complaint alleges violations of the Nebraska Uniform Residential Landlord and Tenant Act ("URLTA"), Neb. Rev. Stat. §§ 76-1402 to 76-1449 (Reissue 2018). Plaintiff alleges Realty Works violated its statutory duty to maintain fit premises as set forth in Neb. Rev. Stat. § 76-1419, which provides in relevant part:

> (1) The landlord shall:
>
> (a) Substantially comply, after written or actual notice, with the requirements of the applicable minimum housing codes materially affecting health and safety;
>
> (b) Make all repairs and do whatever is necessary, after written or actual notice, to put and keep the premises in a fit and habitable condition;
> . . .
> (d) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, air conditioning, and other facilities and appliances, including elevators, supplied or required to be supplied by him or her.

"Except as provided in the Uniform Residential Landlord and Tenant Act, the tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or section 76-1419." Neb. Rev. Stat. § 76-1425.

Upon review, the Court finds that Plaintiff's Amended Complaint states a plausible claim for relief under the URLTA. Plaintiff alleges that her apartment had issues of water intrusion and mold infestation that affected her and her child's health, that there was an electrical panel near leaking water that violated building codes, that she informed Realty Works of these issues on multiple occasions, and that Realty Works failed to remedy the issues. Plaintiff's allegations adequately state a claim against Realty Works for breach of its statutory duties to maintain fit and habitable premises. *See Vasquez v. CHI*

*Properties*, LLC, 925 N.W.2d 304, 316–22 (Neb. 2019) (allegations that, after landlord failed to adequately fix water leak that resulted in mold and treatment of tenants' child for mold exposure, housing division of city planning department cited landlord for 31 housing code violations, including major electrical hazard, that housing division declared property unsafe and unfit for human occupancy, that landlord failed to maintain plumbing and electrical systems in good condition, that landlord failed to provide running water and reasonable amounts of hot water, and that tenants provided written or actual notice of numerous housing code violations materially affecting health and safety that landlord failed to repair, stated claim against landlord for breach of statutory duties to maintain fit and habitable premises).

Plaintiff also alleges a retaliatory eviction claim under Neb. Rev. Stat. 76-14,106(1)(b), which provides:

> (1) Except as provided in this section, a landlord may not retaliate by increasing rent, decreasing services, bringing or threatening to bring an action for possession, or failing to renew a rental agreement after any of the following:
> . . .
>     (b) A tenant has complained to the landlord of a violation of section 76-1492 . . . .

Section § 76-14,106 is part of the Mobile Home Landlord and Tenant Act, Neb. Rev. Stat. §§ 76-1450 to 76-14,111, and it is not clear that such act is applicable to Plaintiff's situation as the property in question is described only as an "apartment." Filing No. 9 at 6. However, the URLTA also contains a provision prohibiting retaliatory conduct when "[t]he tenant has complained to a government agency charged with responsibility for enforcement of a minimum building or housing code of a violation applicable to the premises materially affecting health and safety." Neb. Rev. Stat. § 76-1439. Plaintiff

6

alleges "someone notif[ied] her [that] the Building violates NEC Code 240.24(E)" and that she "has More Details, Evidence, Videos and Etc to Show facts in this matter." Filing No. 9 at 6. As the Court has determined the Amended Complaint states a plausible claim against Realty Works for breach of its statutory duties under Neb. Rev. Stat. § 76-1419, the Court will permit Plaintiff's retaliatory eviction claim to proceed as well given the liberal construction afforded to pro se litigants' pleadings.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend Complaint, Filing No. 8, is granted.

2. Plaintiff's claims under the URLTA and for retaliatory eviction may proceed to service of process against Realty Works.

3. To obtain service of process on Defendant Realty Works, Plaintiff must complete and return the summons forms that the Clerk of Court will provide. The Clerk of Court shall send one summons form and one USM-285 form to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the Clerk of Court will sign the summons forms and forward them together with a copy of the Amended Complaint, Filing No. 9, and a copy of this Memorandum and Order to the United States Marshals Service for service of process on the Defendant Realty Works.[2] Service may be accomplished

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

by using any of the following methods: personal, residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at Defendant's registered office with a person employed therein, or by certified mail or designated delivery service to Defendant's registered office. *See* Federal Rule of Civil Procedure 4(e), (h); Neb. Rev. Stat. § 25-509.01 (Reissue 2016).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case management deadline accordingly.

7. Plaintiff is hereby notified that failure to obtain service of process on the Defendant within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

8. Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of her current address

8

at all times while this case is pending.  Failure to do so may result in dismissal without further notice.

Dated this 4th day of May, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge