### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EBONE GRIER,<br><br>    **Plaintiff,**<br><br>  **vs.**<br><br>**REALTY WORKS,**<br><br>    **Defendant.** | **4:22CV3164**<br><br><br>**ORDER** |

   This matter is before the Court on the motion to compel (Filing No. 35) filed by the defendant, Realty Works. Realty Works seeks an order compelling Plaintiff to serve her required initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, and to answer and respond to Realty Works' interrogatories and Requests for Production of Documents. Plaintiff, pro se, did not respond to the motion. After review, the Court will grant the motion.

### BACKGROUND

   Plaintiff commenced this action against Realty Works for violations of the Nebraska Uniform Residential Landlord and Tenant Act ("URLTA"), Neb. Rev. Stat. §§ 76-1402 to 76-1449 (Reissue 2018), on August 11, 2022. (Filing No. 1). Plaintiff alleges she rented a residence from Realty Works, a Nebraskan property management company, on June 2021. Beginning in March 2022, Plaintiff alleges she and her newborn began experiencing medical and breathing issues attributable to mold. Plaintiff alleges she was subjected to uninhabitable and hazardous living conditions while living in Realty Works' property, including "Mold Infestation Issues . . . in the 45 year old Air Handler inside the apartment, Ducts, Walls in Air Handler closet and Vents all throughout the Apartment," "Water Intrusion issues," and an "OCPD Electrical Supply Panel in Restroom . . . to where the leaking is located near." Plaintiff alleges that, despite paying rent as due, Realty Works issued her a "Retaliatory Eviction" on July 6, 2022, after she asked the owner of Sky Heating and Air, Zach Arena, to relay the message about Plaintiff's "AC Replacement" to Realty Works. Plaintiff seeks damages for her lost wages, moving and travel costs, hotel stays while she could not reside at the property, reimbursements for her deposit and months she paid rent but could not live in the property, and emotional distress and mental anguish damages. (Filing No. 1; Filing No. 9).

After its initial review, the Court permitted Plaintiff's action to proceed to service of process.  (Filing No. 10).  Realty Works thereafter filed a motion to dismiss for lack of subject matter jurisdiction.  (Filing No. 14).  The Court denied the motion without prejudice on January 16, 2024, and referred the matter to the undersigned magistrate judge for jurisdictional discovery and case progression.  (Filing No. 18).

The undersigned magistrate judge held a telephone conference with Plaintiff and counsel for Realty Works to discuss discovery and case progression on February 7, 2024.  Following the conference, the undersigned magistrate judge entered a Case Progression Order permitting the parties to commence discovery and setting deadlines for the progression of Plaintiff's claim. (Filing No. 25).  Relevant to the instant motion, the Order set March 18, 2024, as the deadline for serving initial mandatory disclosures under Rule 26(a)(1), and June 17, 2024, as the deadline for completing written discovery.  The order also set a status conference for June 26, 2024.

Plaintiff did not serve initial disclosures by March 18, 2024.  On April 8, 2024, counsel for Realty Works both emailed and mailed Plaintiff letters regarding her missing initial disclosures.  Plaintiff did not respond to that correspondence.  On April 9, 2024, Realty Works served Interrogatories and Requests for Production of Documents on Plaintiff by email and mail. Plaintiff did not respond to these written discovery requests by their due date of May 9, 2024. On June 11, 2024, counsel for Realty Works emailed Plaintiff about the overdue discovery responses.  Plaintiff did not respond to that email.  (Filing No. 36 at pp. 3-4, 7-8).

On June 24, 2024, defense counsel contacted the Court regarding Plaintiff's failure to respond to written discovery, and the Court indicated the matter would be taken up during the June 26, 2024, status call.  Plaintiff was a recipient on those emails, but did not respond.

The Court held the June 26, 2024, status call as scheduled.  Plaintiff did not appear for the call, nor did she advise the Court she would not be appearing.  Counsel for Realty Works advised the Court during the call that Plaintiff had still not served mandatory disclosures nor responded to written discovery requests.  The Court provided Realty Works with leave to file a motion to compel.  (Filing Nos. 30-31).  On July 1, 2024, defense counsel called Plaintiff at her last known phone number to ask about the status of discovery prior to filing a motion to compel. Plaintiff did not answer, and defense counsel left a message.  As of July 3, 2024, Plaintiff had not returned defense counsel's phone call.

2

Realty Works has now filed the instant motion to compel, requesting that the Court order Plaintiff to provide initial disclosures as required by Fed. R. Civ. P. 26(a) and the Case Progression Order (Filing No. 25), and to respond to written discovery requests.  Realty Works further requests an award of expenses, including attorney's fees.  Plaintiff did not respond to the motion.

**DISCUSSION**

Answers to interrogatories and responses to requests for production of documents are due 30 days after service, unless the parties agree or the Court orders otherwise.  See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).  Rule 37 of the Federal Rules of Civil Procedure permits a party to move the Court for an order compelling answers, production, or disclosure when a party fails "to make a disclosure required by Rule 26(a)" or fails to respond to written discovery requests.  See Fed. R. Civ. P. 37(a)(3)(A)-(B).

On February 7, 2024, the Court set March 18, 2024, as the deadline for parties to serve mandatory initial disclosures under Rule 26(a).  (Filing No. 25).  Plaintiff failed to do so. Counsel for Defendant attempted to reach Plaintiff on more than one occasion to obtain her disclosures, but Plaintiff has not responded to any of defense counsel's inquiries, and has not appeared or filed anything in this case since the February 7, 2024, telephone conference.

Although Plaintiff is proceeding without the assistance of counsel, she nevertheless has a duty to comply with the applicable local and federal rules, and the Court's orders.  See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle [her] to disregard the Federal Rules of Civil Procedure[.]")); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A *pro se* litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.").  There is no indication Plaintiff has not received the Court's Orders or defense counsel's communications.

Because Plaintiff has not served initial mandatory disclosures nor responded to the written discovery served upon her, the Court will grant Realty Works' motion to compel and order Plaintiff to serve her initial mandatory disclosures, answers to Interrogatories, and

responses to Requests for Production of Documents by **August 19, 2024**.  Plaintiff is warned that failure to comply with the Court's order compelling discovery and disclosures may result in the Court's award of appropriate sanctions upon Realty Works' motion, including dismissal of this action, pursuant to Rule 37(d)(1)(A)(ii) and (b)(2)(A).

Realty Works seeks an award of expenses in connection with filing this motion.  Rule 37(a)(5)(A) provides that, if a motion for an order compelling discovery under this rule is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  Before awarding fees or expenses, the Court must provide Plaintiff with an opportunity to be heard.  Additionally, Defendant did not provide an affidavit or other evidence upon which the Court could make a determination of reasonable expenses to be awarded.  Rather than delaying this matter by waiting for additional materials on the fees and expenses issue, given that Plaintiff is proceeding without counsel, at this time, the Court finds an award of expenses under the circumstances would be unjust.  If Plaintiff fails to comply with this Order, the Court may consider entering appropriate sanctions upon Realty Works' motion, including an award of reasonable expenses and/or recommendation that this case be dismissed.  Upon consideration,

**IT IS ORDERED:**

1. Defendant's Amended Motion to Compel (Filing No. 35) is granted.  Plaintiff shall serve her initial mandatory disclosures, answers to interrogatories, and responses to requests for production upon Defendant on or before **August 19, 2024**.
2. Plaintiff is notified that failure to comply with this Order may result in appropriate sanctions upon Defendant's motion, including an award of reasonable expenses and/or a recommendation that this case be dismissed.

Dated this 24ᵗʰ day of July, 2024.

BY THE COURT:

5

s/Michael D. Nelson
United States Magistrate Judge