## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **EBONE GRIER,** | | |
| **Plaintiff,** | | **4:22CV3164** |
| vs. | | |
| **REALTY WORKS,** | | **FINDINGS AND RECOMMENDATION** |
| **Defendant.** | | |

This matter is before the Court on the Motion for Sanctions (Filing No. 39) filed by the defendant, Realty Works. Realty Works requests dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and (d)(1)(A)(ii) for Plaintiff's continued failure to comply with this Court's orders, including the Court's July 24, 2024, Order (Filing No. 38) compelling Plaintiff to serve initial disclosures and respond to Realty Work's discovery requests. Plaintiff did not respond to the motion. For the following reasons, the Court will recommend that Plaintiff's claims be dismissed, without prejudice, as an appropriate sanction for Plaintiff's failure to respond to written discovery and continued disobedience of the Court's orders.

## BACKGROUND

Plaintiff commenced this action against Realty Works for violations of the Nebraska Uniform Residential Landlord and Tenant Act ("URLTA"), Neb. Rev. Stat. §§ 76-1402 to 76-1449 (Reissue 2018), on August 11, 2022. (Filing No. 1). Plaintiff alleges she rented a residence from Realty Works, a Nebraskan property management company, in June 2021. Beginning in March 2022, Plaintiff alleges she and her newborn began experiencing medical and breathing issues attributable to mold. Plaintiff alleges she was subjected to uninhabitable and hazardous living conditions while living in Realty Works' property, including "Mold Infestation Issues . . . in the 45 year old Air Handler inside the apartment, Ducts, Walls in Air Handler closet and Vents all throughout the Apartment," "Water Intrusion issues," and an "OCPD Electrical Supply Panel in Restroom . . . to where the leaking is located near." Plaintiff alleges that, despite paying rent as due, Realty Works issued her a "Retaliatory Eviction" on July 6, 2022, after she asked the owner of Sky Heating and Air, Zach Arena, to relay the message about Plaintiff's "AC Replacement" to Realty Works. Plaintiff seeks damages for her lost wages, moving and travel

costs, hotel stays while she could not reside at the property, reimbursements for her deposit and months she paid rent but could not live in the property, and emotional distress and mental anguish damages.  (Filing No. 1; Filing No. 9).

After its initial review, the Court permitted Plaintiff's action to proceed to service of process.  (Filing No. 10).  Realty Works thereafter filed a motion to dismiss for lack of subject matter jurisdiction.  (Filing No. 14).  The Court denied the motion without prejudice on January 16, 2024, and referred the matter to the undersigned magistrate judge for jurisdictional discovery and case progression.  (Filing No. 18).

The undersigned magistrate judge held a telephone conference with Plaintiff and counsel for Realty Works to discuss discovery and case progression on February 7, 2024.  Following the conference, the undersigned magistrate judge entered a Case Progression Order permitting the parties to commence discovery and setting deadlines for the progression of Plaintiff's claim.  (Filing No. 25).  Relevant to the instant motion, the Order set March 18, 2024, as the deadline for serving initial mandatory disclosures under Rule 26(a)(1), and June 17, 2024, as the deadline for completing written discovery.  The order also set a status conference for June 26, 2024.

Plaintiff did not serve initial disclosures by March 18, 2024.  On April 8, 2024, counsel for Realty Works both emailed and mailed Plaintiff letters regarding her missing initial disclosures.  Plaintiff did not respond to that correspondence.  On April 9, 2024, Realty Works served Interrogatories and Requests for Production of Documents on Plaintiff by email and mail.  Plaintiff did not respond to these written discovery requests by their due date of May 9, 2024.  On June 11, 2024, counsel for Realty Works emailed Plaintiff about the overdue discovery responses.  Plaintiff did not respond to that email.  (Filing No. 36 at pp. 3-4, 7-8).

On June 24, 2024, defense counsel contacted the Court regarding Plaintiff's failure to respond to written discovery, and the Court indicated the matter would be taken up during the June 26, 2024, status call.  Plaintiff was a recipient on those emails, but did not respond.

The Court held the June 26, 2024, status call as scheduled.  Plaintiff did not appear for the call, nor did she advise the Court she would not be appearing.  Counsel for Realty Works advised the Court during the call that Plaintiff had still not served mandatory disclosures nor responded to written discovery requests.  The Court provided Realty Works with leave to file a motion to compel.  (Filing Nos. 30-31).  On July 1, 2024, defense counsel called Plaintiff at her last known phone number to ask about the status of discovery prior to filing a motion to compel.

Plaintiff did not answer, and defense counsel left a message. As of July 3, 2024, Plaintiff had not returned defense counsel's phone call.

Realty Works then filed a motion to compel, requesting that the Court order Plaintiff to provide initial disclosures as required by Fed. R. Civ. P. 26(a) and the Case Progression Order (Filing No. 25), and to respond to written discovery requests. Realty Works further requests an award of expenses, including attorney's fees. Plaintiff did not respond to the motion to compel. Therefore, on July 24, 2024, the Court granted Realty Works' motion to compel, and ordered Plaintiff to serve her initial mandatory disclosures, answers to interrogatories, and responses to requests for production upon Defendant on or before August 19, 2024. The Court warned Plaintiff, "[F]ailure to comply with this Order may result in appropriate sanctions upon Defendant's motion, including an award of reasonable expenses and/or a recommendation that this case be dismissed." (Filing No. 38).

On August 22, 2024, counsel for Realty Works called Plaintiff regarding the status of her initial disclosures and responses to written discovery. Counsel was unable to complete the call at Plaintiff's telephone number. On August 23, 2024, counsel for Realty Works sent an email to Plaintiff regarding the status of her initial disclosures and responses to discovery. In the email, defense counsel informed Plaintiff of the attempted phone call, and requested she provide the ordered discovery by August 28, 2024. To date, defense counsel has not received any response from Plaintiff. (Filing No. 40). As such, Realty Works filed the instant motion for sanctions on September 11, 2024. (Filing No. 39). Realty Works asks the Court to dismiss the case, and for an award of attorney's fees in the amount of $2,676 incurred in making this motion. (Filing No. 40 at p. 6).

## DISCUSSION

As outlined above, Plaintiff has not attempted to comply with any of the written discovery requirements imposed by this Court or the Federal Rules of Civil Procedure, and has continued to ignore or disregard defense counsel's inquiries and Court orders attempting to obtain such discovery. In fact, it appears Plaintiff has not appeared nor done anything to prosecute her case since participating in the February 7, 2024, telephone conference with the undersigned magistrate judge. Although Plaintiff is proceeding without the assistance of counsel, she nevertheless has a duty to comply with the applicable local and federal rules, and

the Court's orders.  See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle [her] to disregard the Federal Rules of Civil Procedure[.]")); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A *pro se* litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.").

Rule 37 of the Federal Rules of Civil Procedure permits the court to sanction a party that fails to obey an order to provide discovery or fails to serve answers or written responses to interrogatories.  Fed. R. Civ. P. 37(b)(2)(A) and (d)(1)(A)(ii).  Dismissal of the action is one such sanction.  Fed. R. Civ. P. 37(b)(2)(A)(v).  "To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)).  "[A] district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests," *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 936 (8th Cir. 1999), although "[t]he court's 'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be "just" and relate to the claim at issue in the order to provide discovery.'" *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (quoting *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (1992)).  Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000).  A district court need not impose the least onerous sanction available, but the most appropriate under the circumstances.  See *id.*  District courts have "a large measure of discretion in deciding what sanctions are appropriate for misconduct." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).

Here, the Court finds dismissal of Plaintiff's claims, without prejudice, is warranted as a sanction for her failure to serve initial disclosures or respond to written discovery, and her repeated disobedience of the Court's orders.  The Court initially ordered Plaintiff to provide initial disclosures on March 18, 2024, and Defendant first served Plaintiff with written discovery on April 9, 2024.  Plaintiff failed to serve either, and Defendant requested the Court's assistance to obtain that discovery.  Although Plaintiff had appeared at the initial scheduling hearing in

February 2024, Plaintiff did not appear for the telephone conference set in June 2024. The Court granted Realty Works with leave to file a motion to compel by July 3, 2024, if Plaintiff failed to provide discovery by that date. Realty Works thereafter filed a motion to compel on July 3, 2024, after Plaintiff failed to respond to defense counsel's inquiries regarding the missing discovery.

Plaintiff did not respond to the motion to compel, which the Court granted, and ordered Plaintiff to serve initial disclosures and responses to written discovery by August 19, 2024. Plaintiff again failed to do so. The Court warned Plaintiff that failure to provide discovery by that date may result in entry of an appropriate sanction, including dismissal of his case. Now, over eight months after initial disclosures were due, and six months after Realty Works first served written discovery requests, Plaintiff still has not responded to discovery, failed to comply with the Court's Order compelling her responses, and failed to file any response to Realty Works' motion to compel or this instant motion for sanctions. Under the circumstances, the Court finds Plaintiff's failure to comply with its order compelling discovery was willful. The Court further finds Realty Works will be prejudiced if it is forced to continue to defend against Plaintiff's claims without any participation from Plaintiff in discovery. This is not a situation where Plaintiff has provided inadequate responses or objected to some requests but answered others; Plaintiff simply has provided *no* responses to discovery whatsoever. See *Avionic*, 957 F.2d at 559 (finding party was prejudiced where adversary's failure to participate in discovery impaired the party's ability to assess factual merits of a claim). Accordingly, the Court finds dismissal of this case without prejudice is the most appropriate sanction for Plaintiff's failure to respond to written discovery as ordered. See *Sentis*, 559 F.3d at 899.

Realty Works also asks for an award of attorney's fees. In counsel's affidavit she states, "Based on the review of my office's billing records, Realty Works has incurred at least $2,676.00 in attorney fees incurred in making the Motion and the events precipitating and necessitating it." (Filing No. 40 at p. 6). However, counsel does not provide billing statements, her hourly rate, or how many hours were spent in connection with the motion. Additionally, given Plaintiff's status as an indigent pro se litigant, and because the Court finds dismissal is the most appropriate sanction, the Court finds an award of attorney's fees under the circumstances would be unjust. Upon consideration,

**IT IS HEREBY RECOMMENDED** to John M. Gerrard, Senior United States District Court Judge, that Defendant's Motion for Sanctions (Filing No. 39) be granted, and that the above-captioned case be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and (d)(1)(A)(ii).

Dated this 4th day of October, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.